MR. JUSTICE SHEEHY,
concurring specially and dissenting:
I agree of course that some governmental entity must have jurisdiction of subject matter here, the proposed closure of the railroad station at Lodge Grass, and that at the time of the proceedings here, the PSC has that jurisdiction.
In the meantime though, the Crow tribe has adopted a regulatory ordinance applying to railroads which is the subject of an action in the federal district court to determine its validity. Immediately upon remand by us to the PSC for further action relating to the closure, the question will undoubtedly arise whether, in view of the adoption of the tribal ordinance, the PSC has any further jurisdiction, or whether it properly belongs in the Crow tribe. Undoubtedly the federal district court will be called upon to decide that issue. Anticipating this, I would stay the effect of our decision here until a final determination is made in the federal district court as to whether the Crow tribe now has exclusive jurisdiction of the proposed closure under the tribal ordinance. In that way, we would avoid a potential conflict between the federal and state courts in this matter.